IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DYWAINE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:04-cv-501-MJR |
| ) | |
| DOCTOR WAGNER, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on a Motion for Summary Judgment filed by Doctor Wagner ("Defendant") on September 8, 2006 (Doc. 20). For the reasons set forth below, it is **RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE**, that the motion be **MOOTED**, and that the Court adopt the following findings of fact and conclusions of law:

FINDINGS OF FACT

Dywaine Smith ("Plaintiff"), formerly an inmate in the Vandalia Correctional Center, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant was deliberately indifferent to a back injury he sustained while incarcerated.

On September 8, 2006, Defendant filed the instant motion for summary judgment, averring that he is entitled to qualified immunity and that Plaintiff's allegations do not support a claim of deliberate indifference. Plaintiff's response was originally due on October 11, 2006. On November 15, 2006, the Court issued a Notice and Order extending the response deadline to December 15, 2006. Plaintiff did not file his response by the extended deadline. On February 5,

2007, the Court ordered Plaintiff to show cause as to why he had not complied with previous deadlines, or to submit the overdue response (Doc. 23). Plaintiff did not show cause or submit his response by the February 20, 2007 deadline set forth in that order.

### CONCLUSIONS OF LAW

Rule 41(b) of the Federal Rules of Civil Procedure authorizes federal judges to dismiss for want of prosecution "cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." Daniels v. Brennan, 887 F.2d 783, 787 (7th Cir. 1989) ("The power of federal judges to dismiss for want of prosecution is based in part on the necessity to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). However, "where a plaintiff brings an action pro se, and so is particularly in need of the court's patience and instruction, [the Seventh Circuit Court of Appeals] has consistently held that a district court must give explicit warning prior to dismissing the case for want of prosecution." Matter of Bluestein & Co., 68 F.3d 1022, 1025 (7th Cir. 1995).

In the instant case, Plaintiff has continually failed to meet established deadlines, which has unduly delayed the disposition of this case. Additionally, the Court explicitly warned Plaintiff that his failure to submit his response by February 20, 2006 would ultimately result in this Court recommending that his lawsuit be dismissed. See Judge Wilkerson's Order to Show Cause of February 5, 2007 (Doc. 23) (stating: "Plaintiff is hereby **WARNED** that the failure to show cause or submit the response motion **SHALL** result in a report and recommendation that this matter be dismissed for want of prosecution.") (emphasis in original). Notwithstanding this explicit warning, Plaintiff has neglected to meet the February 20th deadline. Pursuant to Rule

2

41(b), such inaction and neglect, after an explicit warning, is grounds for dismissal on the merits. See Bluestein & Co., supra, at 1025; see also Brennan, supra, at 787.  Accordingly, this Court **RECOMMENDS** that the case be **DISMISSED WITH PREJUDICE** for want of prosecution.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE**, that the Motion for Summary Judgment filed by Defendant on September 8, 2006 (Doc. 20) be **MOOTED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: February 27, 2007**

                                               s/ *Donald G. Wilkerson*
                                               **DONALD G. WILKERSON**
                                               **United States Magistrate Judge**