**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DYWAINE SMITH,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 04-cv-0501-MJR** |
| ) | |
| **DOCTOR WAGNER and** ) | |
| **VANDALIA CORRECTIONAL** ) | |
| **CENTER MEDICAL DEPARTMENT,** ) | |
| ) | |
|     **Defendants.** ) | |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

Before this Court is Plaintiff's motion for reconsideration (Doc. 27). For the reasons that follow, the Court **DENIES** Plaintiff's motion.

**I.     Factual & Procedural History**

On July 19, 2004, Plaintiff Dywanie T. Smith filed this action pursuant to **42 U.S.C. § 1983.** Smith, formerly an inmate at Vandalia Correctional Center, alleges that Defendants were deliberately indifferent to a back injury he sustained while incarcerated.[1]

On September 8, 2006, Defendant Wagner filed a motion for summary judgment pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 56** (*see* Doc. 37). On February 27, 2007, Magistrate Judge Donald G. Wilkerson submitted a Report (Doc. 24), recommending that the undersigned District Judge dismiss this action with prejudice for want of prosecution and find as moot Wagner's motion for summary judgment.

On February 27, 2007, that Report was sent to the parties with a "NOTICE"

---

[1] Defendant, Vandalia Correctional Center Medical Department, was dismissed from this action with prejudice on threshold review. *See* Doc. 5.

informing them of their right to appeal by way of filing "objections" within ten days of service of the Report. Notably, although the "notice" required that objections be filed within ten days in accordance with **SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 73.1(b)**, the Court did not enter its Order adopting the Report until March 20, 2007, which allowed ample opportunity, twenty-one days total, to respond to Magistrate Judge Wilkerson's Report. This Court allowed an amount of time to respond that was greater than that required by **LOCAL RULE 73.1(b)** in order to account for any difficulty that Smith, proceeding *pro se*, might have had in meeting the standard deadline.

Nevertheless, Smith failed to file a timely objection to the Report and did not file any objection until April 12, 2007 (*see* Doc. 27), well beyond the deadline for filing an objection. Accordingly, pursuant to **28 U.S.C. § 636(b)**, this Court was not required to conduct *de novo* review, ***Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Video Views Inc., v. Studio 21, Ltd.,* 797 F.2d 538 (7th Cir. 1986),** and on March 20, 2007, adopted the Report in its entirety and dismissed this action with prejudice.

Subsequently, on April 12, 2007, the Court received Smith's motion for reconsideration (Doc. 27). Therein, Smith requests that the Court reconsider its decision because (1) he did not receive the documents in a timely manner because he was out of town; (2) he thought that the Court would appoint him an attorney

**II.   Analysis**

If a motion to reconsider is filed within ten days of entry of judgment, **FEDERAL RULE OF CIVIL PROCEDURE 59(e)** applies. If the motion to reconsider was filed *more than* ten days after entry of the challenged judgment or order, Rule 60(b) applies. ***See, e.g., Talano v. Northwestern Medical Faculty Foundation,* Inc., 273 F.3d 757, 762 (7th Cir. 2001);** ***Britton v.***

*Swift Transp. Co., Inc.*, **127 F.3d 616, 618 (7th Cir. 1997)**. *Accord Borrero v. City of Chicago,* **456 F.3d 698, 699 (7th Cir. 2006).**

The Order that Smith requests that the Court reconsider was entered on March 20, 2007. Smith's motion for reconsideration was filed on April 12, 2007, which is more than ten days after the entry of the Court's Order. Accordingly, Rule 60(b) applies. Rule 60(b) permits a district court to relieve a party from an order or judgment on the following narrow grounds: mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief" from operation of the judgment or order.

A Rule 60(b) motion cannot be used to correct simple legal errors. "Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" *Cash v. Illinois Div. of Mental Health*, **209 F.3d 695, 698 (7th Cir. 2000).** The Seventh Circuit has emphasized that Rule 60(b) imposes an "exacting standard" under which the movant must demonstrate exceptional circumstances to prevail. *See Romo v. Gulf Stream Coach*, **250 F.3d 1119, 1121 n.3 (7th Cir. 2001).**

In the instant case, Smith has presented no "special circumstances" to justify an "extraordinary remedy." He states that he did not timely receive documents from the Court because he was out of town. However, Smith's failures to meet deadlines and to respond to Court orders extend over several months. Notably, Defendant's motion for summary judgment was filed on September 8, 2006, and, in spite of the Court's November 15, 2006 Notice and Order extending the response deadline and its February 5, 2006 Order to Show Cause, Smith filed no response. As to his statement that he thought counsel would be appointed for him, the record shows that Smith did not move for appointment of counsel.

The Court explicitly warned Smith that his failure to respond to Defendant's motion for summary judgment or to show cause why he had not complied with previous deadlines would result in a recommendation that his lawsuit be dismissed. Smith failed to respond, which resulted in the issuance of the recommendation, as warned. Smith had yet another opportunity to prosecute this action when he was allowed ten days to object to the Report, with a generous extension by the undersigned because of his *pro se* status. Nevertheless, Smith failed to file a timely objection.

Thus, Smith was given ample opportunity to prosecute this action and failed to do so. He ignored deadlines and explicit warnings by the Court. Smith has offered no ground warranting reconsideration under Rule 60(b). Accordingly, the Court **DENIES** Smith's motion to reconsider (Doc. 27).

**IT IS SO ORDERED.**

**DATED this 16th day of April, 2007**

> **s/Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**